George M. Fanelli, J.
Two motions: (1) by defendant for an order “ squashing ” the summons and dismissing the service of the summons and complaint upon the ground that defendant is immune from such service by reason of section 855 of the Code of Criminal Procedure; and (2) by plaintiff for an order pursuant to CPLR 6220 directing defendant’s wife and brother to appear for disclosure in this attachment proceeding regarding their indebtedness to defendant or any property in which the defendant has an interest.
In support of his motion defendant urges that while he was before the Justice’s Court in Tarrytown, N. Y., having been brought there from the State of Texas as the result of a waiver of extradition, to answer a criminal charge filed against him for grand larceny, he was served with a copy of the summons and complaint in this civil suit brought by the same complainant, corporation (his former employer and corporation of which he was an officer) in said criminal proceeding, to recover the money (about $50,000) allegedly stolen and converted by him, which said alleged theft arises out of the same facts as the said criminal proceeding.
Section 855 of the Code of Criminal Procedure read as follows: ‘ ‘ A person brought into this state on or after waiver of extra *888 dition based on a criminal charge shall not be subject to service of personal process in civil actions arising out of the same facts as the criminal proceeding to answer which he is being or has been returned until he has been convicted in the criminal proceeding, or if acquitted, until he has had reasonable opportunity to return to the state from which he was extradited.”
In opposing the motion plaintiff contends that section 855 does not apply to the facts in this case since defendant was at all times a resident of the State of New York and, consequently, it cannot be said that he was, upon waiving extradition, 1 ‘ brought into this state ”.
Defendant’s motion to “ squash ” the service of the summons and complaint and his request to thereupon vacate the order of attachment, are denied. From a reading of all the papers, including the transcript of the extradition waiver hearing held on October 2,1968, the court is convinced that defendant did not (as he urges) abandon his New York residence, quit his employment and join his wife in Texas after liquidating his assets, with the intention of settling there permanently. Rather, it is abundantly clear that defendant, a New York domiciliary, with his “ home ” in New York, was in flight from the State of New York when he was apprehended at a motel in Amarillo, Texas. Defendant left plaintiff’s employ without notice over the weekend of September 21.1968. He did not appear for work on Monday, September 23, 1968, and he was apprehended in Amarillo, Texas, on September 30.1968. At the extradition hearing conducted on October 2,1968 defendant gave his address as North Babylon, New York, the address he had given to plaintiff and which appeared on plaintiff’s records.
The court finds from all the papers that defendant was not “ brought into this state ” within the meaning of section 855 of the code. This section was enacted for the purpose of assuring the asylum State that nonresident criminals, or nonresidents charged within our jurisdiction, would not be dealt with civilly irnt.il the crime was proven (Thermoid Co. v. Fabel, N Y 2d 494). Here, defendant was at all times a resident of this State. It was only a matter of days that he was apprehended in Texas after he failed to appear for work. He fled the jurisdiction and was arrested on a bench warrant issued by the Tarrytown Justice’s Court. This is not a case 11 where the debtor has been brought into this State, by or through the connivance of the creditor, upon the mere pretext of a criminal charge, in order to subject him here to service of civil process by arrest or otherwise ”, or a case where “ the criminal arrest had been a mere method of getting (defendant) into this State so he could be sued here *889 civilly” (see Thermoid Co. v. Fabel, supra, pp 500-501). As the matter now stands; defendant has been indicted upon several counts of grand larceny and is presently free on bail awaiting trial.
Plaintiff’s motion for an order of disclosure is granted, in the exercise of discretion.