■ MANCE CORPORATION, Respondent, v. ROLAND V. RULLO, Appellant. RUTH RULLO et al., Appellants.— In an action to recover damages for conversion, (1) defendant, Roland V. Rullo, appeals from an order of the Supreme Court, Westchester County, dated January 14, 1969, which denied his motion for an order "quashing" the summons and dismissing the action pursuant to section 855 of the Code of Criminal Procedure and granted plaintiff's motion for disclosure by two stated persons pursuant to CPLR 6220; and (2) said persons of whom examination is sought appeal from so much of said order as granted the motion for disclosure.  Order affirmed, with $10 costs and disbursements to respondent against appellant Roland V. Rullo. No opinion.  Brennan, Acting P. J., Rabin, Hopkins and Kleinfeld, JJ., concur; Benjamin, J. concurs, with the following memorandum:  Defendant's motion to "quash" the summons and dismiss the action pursuant to section 855 of the Code of Criminal Procedure should have been denied, but only because the service of the summons gave jurisdiction in rem and not in personam.  Plaintiff, a domestic corporation, brought this action to recover for conversion against defendant Roland V. Rullo, a corporate officer who had embezzled his employer's funds.  Defendant was apprehended on September 30, 1968 in a motel room in Amarillo, Texas.  At the extradition waiver hearing held in Texas, he gave his home address as North Babylon, New York, which was the address he had entered for himself in the company's payroll records.  He waived extradition and returned to New York where he was subsequently indicted on several counts of grand larceny.  He is presently free on bail awaiting trial.  The present action was commenced by plaintiff securing in the Supreme Court, Westchester County, on October 7, 1968, an ex parte order of attachment of property of defendant.  The order of attachment was served on the Tarrytown Police Department on October 9, 1968.  The summons and verified complaint were served personally upon defendant on October 16, 1968 when defendant appeared with his attorney at the Tarrytown Court for a hearing.  The complaint alleges that between April, 1967 and September, 1968 defendant wrongfully and unlawfully converted at least $50,000 in money belonging to plaintiff.  On November 21, 1968, defendant moved to "quash" the summons and to dismiss the sum-

mons and complaint on the ground that he is immune from service of process pursuant to section 855 of the Code of Criminal Procedure. A defendant brought into the State after waiver of extradition based on a criminal charge is not subject to service of personal process in a civil action arising out of the criminal proceeding until he has been convicted in the criminal proceeding or, if acquitted, until after he has had reasonable opportunity to return to the State from which he was extradited (Code Crim. Pro., § 855). However, where the civil proceeding is initiated by an order of attachment pursuant to CPLR 6201, a summons served on the defendant within 30 days after the granting of the order of attachment pursuant to CPLR 6213 is service resulting in jurisdiction in rem and the order of attachment is valid. Such service is not in personam and is effective only with respect to the property attached. [58 Misc 2d 887.]